AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __PENNSYLVANIA__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CHERYL MOBLEY | Case Number: DPAE2:11CR000208-001 |
| | USM Number: 67107-066 |
| | JAMES J. McHUGH, JR., ESQ. |
| | Defendant's Attorney |

FILED JUL 3 0 2013 MICHAEL E. KUNZ, Clerk _____ Dep. Clerk

## THE DEFENDANT:

X pleaded guilty to count(s)     TWO (2)

X pleaded nolo contendere to count(s)     ONE (1)
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26:7203 | FAILURE TO FILE FEDERAL INCOME TAX RETURNS. | 12/31/2005 | 1 |
| 26:7203 | FAILURE TO FILE FEDERAL INCOME TAX RETURNS. | 12/31/2006 | 2 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JULY 29, 2013
Date of Imposition of Judgment

*Joel Slomsky*
Signature of Judge

JOEL H. SLOMSKY, USDC JUDGE
Name and Title of Judge

July 29, 2013
Date

CERTIFIED COPIES TO:
DEFENDANT
JAMES J. McHUGH, JR., ATTY. FOR DEFENDANT
PAUL L. GRAY, AUSA
FLU
PROBATION (2) ANGELA H. MONTAGUE
PRETRIAL (2)
U.S. MARSHAL (2)
FISCAL DEPARTMENT

DEFENDANT: CHERYL MOBLEY
CASE NUMBER: DPAE2:11CR000208-001

# PROBATION

The defendant is hereby sentenced to probation for a term of : THREE (3) YEARS.
ON COUNTS 1 & 2 - SAID SENTENCE - THE DEFENDANT IS PLACED ON PROBATION FOR A TERM OF THREE(3) YEARS ON EACH OF COUNTS 1 & 2, TO RUN CONCURRENTLY.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHERYL MOBLEY
CASE NUMBER: DPAE2:11CR000208-001

# ADDITIONAL PROBATION TERMS

WHILE ON PROBATION, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, SHALL NOT POSSESS AN ILLEGAL CONTROLLED SUBSTANCE AND SHALL COMPLY WITH THE OTHER STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT. BASED ON INFORMATION PRESENTED, THE DEFENDANT IS EXCUSED FROM THE MANDATORY DRUG TESTING PROVISION; HOWEVER, THE DEFENDANT MAY BE REQUESTED TO SUBMIT TO DRUG TESTING DURING THE PERIOD OF SUPERVISION IF THE PROBATION OFFICER DETERMINES A RISK OF SUBSTANCE ABUSE.

THE DEFENDANT IS TO BE CONFINED TO HER RESIDENCE FOR A PERIOD OF FOUR (4) MONTHS COMMENCING AT THE DIRECTION OF THE U.S. PROBATION OFFICE. THE DEFENDANT SHALL BE REQUIRED TO BE AT THIS RESIDENCE AT ALL TIMES EXCEPT FOR APPROVED ABSENCES FOR GAINFUL EMPLOYMENT, COMMUNITY SERVICE, RELIGIOUS SERVICES, MEDICAL CARE, EDUCATIONAL OR TRAINING PROGRAMS, MENTAL HEALTH TREATMENT/COUNSELING, AND AT OTHER SUCH TIMES AS MAY BE SPECIFICALLY AUTHORIZED BY THE U.S. PROBATION OFFICE. THE DEFENDANT SHALL WEAR AN ELECTRONIC MONITORING DEVICE AND FOLLOW ELECTRONIC MONITORING PROCEDURES. THE DEFENDANT SHALL PERMIT THE PROBATION OFFICER ACCESS TO THE RESIDENCE AT ALL TIMES AND MAINTAIN A TELEPHONE AT THE RESIDENCE WITHOUT ANY CUSTOM SERVICES OR PORTABLE, CORDLESS EQUIPMENT. THE DEFENDANT SHALL COMPLY WITH ANY OTHER SPECIFIC CONDITIONS OF HOME CONFINEMENT AS THE PROBATION OFFICER REQUIRES. THE DEFENDANT SHALL PAY THE COSTS OF ELECTRONIC MONITORING.

THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION OFFICE WITH FULL DISCLOSURE OF HER FINANCIAL RECORDS TO INCLUDE YEARLY INCOME TAX RETURNS UPON THE REQUEST OF THE U.S. PROBATION OFFICE. THE DEFENDANT SHALL COOPERATE WITH THE PROBATION OFFICER IN THE INVESTIGATION OF HER FINANCIAL DEALINGS AND SHALL PROVIDE TRUTHFUL MONTHLY STATEMENTS OF HER INCOME.

THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH PROGRAM FOR EVALUATION AND/OR TREATMENT AND ABIDE BY THE RULES OF ANY SUCH PROGRAM UNTIL SATISFACTORILY DISCHARGED.

THE DEFENDANT IS TO FULLY COOPERATE WITH THE INTERNAL REVENUE SERVICE BY FILING ALL DELINQUENT OR AMENDED RETURNS AND BY TIMELY FILING ALL FUTURE RETURNS THAT COME DUE DURING THE PERIOD OF PROBATION. THE DEFENDANT IS TO PROPERLY REPORT ALL CORRECT TAXABLE INCOME AND CLAIM ONLY ALLOWABLE EXPENSES ON THOSE RETURNS. THE DEFENDANT IS TO PROVIDE ALL APPROPRIATE DOCUMENTATION IN SUPPORT OF SAID RETURNS. UPON REQUEST, THE DEFENDANT IS TO FURNISH THE INTERNAL REVENUE SERVICE WITH INFORMATION PERTAINING TO ALL ASSETS AND LIABILITIES, AND THE DEFENDANT IS TO FULLY COOPERATE BY PAYING ALL TAXES, INTEREST AND PENALTIES DUE, AND OTHERWISE COMPLY WITH THE TAX LAWS OF THE UNITED STATES.

THE DEFENDANT IS PROHIBITED FROM INCURRING ANY NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER, UNLESS THE DEFENDANT IS IN COMPLIANCE WITH A PAYMENT SCHEDULE FOR ANY FINE OR RESTITUTION OBLIGATION. THE DEFENDANT SHALL NOT ENCUMBER OR LIQUIDATE INTEREST IN ANY ASSETS UNLESS IT IS IN DIRECT SERVICE OF THE FINE OR RESTITUTION OBLIGATION OR OTHERWISE HAS THE EXPRESS APPROVAL OF THE COURT.

THE DEFENDANT SHALL NOTIFY THE UNITED STATES ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY CHANGE OF MAILING ADDRESS OR RESIDENCE THAT OCCURS WHILE ANY PORTION OF THE RESTITUTION OR FINE REMAINS UNPAID.

DEFENDANT: CHERYL MOBLEY
CASE NUMBER: DPAE2:11CR000208-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 50.00 | $ 3,000.00 | $ 69,491.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| INTERNAL REVENUE SERVICE - RACS ATTN: MAIL STOP 6261 (RESTITUTION), 333 W. PERSHING AVE. KANSAS CITY, MO 64108 | $69,491.00 | $69,491.00 | 1 |
|  |  |  | PAYMENTS SHOULD BE MADE PAYABLE TO CLERK, U.S. DISTRICT COURT 601 MARKET STREET ROOM 2609 PHILA., PA. 19106 FOR DISTRIBUTION TO INTERNAL REVENUE. |
| TOTALS | $ 69,491.00 | $ 69,491.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the    X fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CHERYL MOBLEY  
CASE NUMBER: DPAE2:11CR000208-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or  
       ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   X   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   X F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:  
         THE FINE IS DUE IMMEDIATELY AND SHALL BE PAID IN MONTHLY INSTALLMENTS OF NOT LESS THAN $100.00, TO COMMENCE AFTER THE RESTITUTION HAS BEEN SATISFIED.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.